UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROSANNA BARRERA,<br>*Plaintiff* § § § | |
| | No. 1:25-CV-01487-ADA-DH |
| v. § § § | |
| LDG RIVERSTONE LP, ET AL.,<br>*Defendants* § § § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ALAN D. ALBRIGHT
     UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Rosanna Barrera's application to proceed *in forma pauperis*. Dkt. 2. Because Barrera is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

    **I.    REQUEST TO PROCEED *IN FORMA PAUPERIS***

The Court has reviewed Barrera's financial affidavit and determined she is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Barrera's request for *in forma pauperis* status, Dkt. 2. The

1

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Barrera is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Barrera's claims brought under Section 1983 be dismissed, but that her claims brought under the Fair Housing Act ("FHA") should be allowed to proceed.

## II.  REVIEW OF THE MERITS OF THE CLAIM

Because Barrera has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review her complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Barrera brings claims against Defendants LDG Riverstone LP, LDG Development LP, Solidago Residential Services LLC, and Xpert Design & Construction LLC ("Defendants") based on alleged violations of her rights under the FHA and the U.S. Constitution. *See* Dkt. 1. Barrera alleges that Defendants denied her reasonable accommodations as required for her to travel between her vehicle and her apartment and colluded with the Texas Workforce Commission Civil Rights Division ("TWCCRD") to thwart Barrera's complaint filed with the state agency. *Id.* at 3-18. As explained below, the undersigned finds that Barrera has failed to state any non-frivolous claims for relief under Section 1983 but that her claims brought under the FHA should be allowed to proceed.

Barrera alleges that Defendants discriminated against her in violation of the FHA by "intentionally approv[ing] and construct[ing] site features—including garage placement, inaccessible paths of travel, and noncompliant parking" that "disproportionately burden tenants with mobility impairments, including Plaintiff, and deter equal access to the premises." *Id.* at 19. Under the FHA, "[d]iscrimination

3

is defined to include a failure to design and construct covered multifamily dwellings in such a manner that: (i) the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons … and (iii) all premises within such dwellings contain the following features of adaptive design: (I) an accessible route into and through the dwelling[.]" *Bowman v. RLB Inv. Partners, LLC*, No. 4:15-CV-00857, 2016 WL 7326622, at *4 (E.D. Tex. Dec. 16, 2016) (citing 42 U.S.C. § 3604(f)(3)(C)). Here, Barrera alleges that Defendants' design and construction of the qualified dwelling caused there to be "no safe, accessible route" from the shared parking garage to the building units where Barrera resides and "[n]o alternative accessible routes connect[ing] all buildings or shared facilities"—which is sufficient to state a claim for violations of Section 3604(f)(3)(C) of the FHA. *See* Dkt. 1, at 3-6; *Whitaker v. W. Vill. Ltd. P'ship*, No. CIV.A.3:03-CV-0411-P, 2004 WL 2008502, at *6 (N.D. Tex. Sep. 8, 2004) (finding violations of section 3604(f) where plaintiff proved that there was "no accessible route from designated parking or the passenger loading zone to the West Village leasing office" and that "public use and common use portions of West Village [we]re inaccessible and unusable by persons having disabilities").

Barrera also alleges that Defendants ignored, and ultimately denied, her request for a reasonable accommodation in the form of a reserved parking spot in front of her unit since she could not otherwise access the parking garage. Dkt. 1, a 7-9. In a failure-to-accommodate claim, a plaintiff must prove that: (1) she is a qualified individual with a disability; (2) the disability and its consequential limitations were

known by Defendants; and (3) Defendants failed to make reasonable accommodations for such known limitations. *See Providence Behav. Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448, 459 (5th Cir. 2018). Under the FHA, a reasonable accommodation is required if it is necessary to allow the plaintiff to have usage and enjoyment in a facility equivalent to individuals who are not disabled. 42 U.S.C. § 3604(f)(3)(B); *Providence*, 902 F.3d at 459. Barrera sufficiently pleads a claim for failure to accommodate under the FHA in alleging that she requested an accommodation from Defendants in the form of an accessible parking spot to allow Barrera, a disabled person, access between her car and her residential unit, which Defendants denied despite knowledge of Barrera's mobility limitations. Dkt. 1, at 6-9, 18; *Providence*, 902 F.3d at 459. Barrera thus states non-frivolous failure-to-accommodate claims under the FHA.

Barrera also brings claims under Section 1983, alleging that she may enforce the FHA through that provision and that her right to access the courts was violated during the proceeding she initiated with the TWCCRD. Dkt. 1, at 19-21. To state any claims under Section 1983, Barrera must show state action. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 421 (5th Cir. 2004). Here, Barrera does not allege that any of the Defendants are state actors, instead alleging that they "acted in concert" with the TWCCRD to "delay, manipulate, and obstruct enforcement of" Barrera's rights under the FHA. *Id.* at 9-10. Barrera details her displeasure with the TWCCRD's investigation into her housing-discrimination complaint as evidence of the TWCCRD's "deliberate obstruction and coordination" with Defendants to deny

5

Barrera her rights under the FHA and the Fourteenth Amendment. *Id.* at 9-15, 20-21. "A private party will be considered a state actor for § 1983 purposes only in rare circumstances." *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 773 (N.D. Tex. 2014). While a conspiracy between a private and public actor to deprive a plaintiff of her rights could support a finding of state action, "the plaintiff must show that the private and public actors entered into an agreement to commit an illegal act." *Id.* at 776 (citing *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008)). At the motion to dismiss stage, the plaintiff must "allege specific facts to show an agreement." *Priester,* 354 F.3d at 421.

Although Barrera alleges that the TWCCRD's favorable rulings towards Defendants evince a conspiracy, she has failed to allege "specific facts" showing the existence of an agreement between the TWCCRD and Defendants aimed at violating Barrera's rights. *See* Dkt. 1; *Priester*, 354 F.3d at 421. Because Barrera has failed to plausibly allege that Defendants conspired with state actors to violate her rights under the FHA and the Fourteenth Amendment, she has failed to state any claims under Section 1983. *Fillyaw v. Cmty. Nat'l Bank & Tr.*, No. 3:22-CV-1112-N (BH), 2023 WL 6797540, at *3 (N.D. Tex. Aug. 22, 2023) ("Plaintiff has not alleged that any defendant conspired with a state actor or any facts showing state action. Because she fails to allege any state action, any § 1983 claims should be dismissed."), *R. & R. adopted*, 2023 WL 6797496 (N.D. Tex. Oct. 13, 2023).[1] Barrera's Section 1983 claims should thus be dismissed as frivolous.

---

[1] In the absence of an alleged conspiracy with a state actor, a private party can be treated as a state actor (1) when there is a sufficiently close nexus between the state and the challenged

6

### III.     ORDERS AND RECOMMENDATION

The undersigned hereby **GRANTS** Barrera's application to proceed *in forma pauperis*. Dkt. 2. Because the undersigned finds that Barrera's FHA claims should not be dismissed as frivolous at this time, the Court **ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Barrera's complaint upon the named Defendants under Rules 4 and 5 of the Federal Rules of Civil Procedure. The undersigned **RECOMMENDS** the District Judge **DISMISS** Barrera's causes of action arising under Section 1983 with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and,

---

action of the private party so that the action of the party may be fairly treated as that of the state itself, (2) where the private party has exercised powers that are "traditionally the exclusive prerogative of the state," or (3) where the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the action of the private party must in law be deemed that of the state. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Even liberally construing Barrera's complaint, none of these bases for finding state action apply here. *See* Dkt. 1.

7

except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED December 8, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE